Mark H. Van Brussel, State Bar No. 80777
mvanbrussel@cdflaborlaw.com
Nicole A. Legrottaglie, State Bar No. 271416
nlegrottaglie@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
900 University Avenue
Suite 200
Sacramento, California 95825
Telephone: (916) 361-0991
Facsimile: (916) 570-1958

Attorneys for Defendants
CASINO M8TRIX, INC. and GARDEN CITY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CURT GOODNER, an individual; GLORIA SMITH, an individual; SOON JA LEE, an individual; GORDON J. HALEMANO, an individual; SURCHART AKAYAPISUTH, an individual,<br><br>        Plaintiffs,<br>v.<br><br>CASINO M8TRIX, INC., a Nevada corporation; GARDEN CITY, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. 5:13-cv-03059 RMW<br><br>Judge: Hon. Ronald M. Whyte<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date: September 6, 2013<br>Time: 9:00 a.m.<br>Ctrm: 6<br><br>Action Filed: May 30, 2013 |

    Defendants Garden City, Inc. and Casino M8trix, Inc. submit the following opposition to Plaintiffs' motion to remand:

    **I.    DEFENDANTS PROPERLY REMOVED THIS CASE BASED ON THE FEDERAL QUESTION PRESENTED.**

    The five plaintiffs in this matter are current and former employees of Defendant Garden City, Inc., a California corporation that operates a San Jose cardroom under the name Casino M8trix. Plaintiffs claim that Garden City discriminated against them in scheduling their work hours and wrongfully terminated some of them. Plaintiffs filed a state court complaint asserting a numerous causes of action, including a cause of action for age discrimination under the Age

Discrimination In Employment Act (ADEA). On July 2, 2013, Garden City removed the case to this Court on grounds of the federal question presented. 28 U.S.C. § 1446(b).

After Defendants' removal, Plaintiffs on July 8, 2013, filed in this Court a First Amended Complaint deleting their ADEA claim. Once Defendants had answered the amended complaint on July 22, 2013, Plaintiffs several days later filed the instant motion to remand on grounds that, Plaintiffs having dropped the ADEA claim, this Court has no basis to exercise jurisdiction.

## II. PLAINTIFFS' MANIPULATION OF THE SYSTEM WARRANTS THIS COURT RETAINING JURISDICTION.

Defendants recognize that when federal claims have dropped out of the lawsuit in its early stages, leaving only state law claims, the values of judicial economy, convenience, fairness and comity "in the usual case" weigh in favor of remanding the case to state court. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988). However, it is not "the usual case" when a party manipulates the federal processes. Removal is discretionary with the Court, and the Court may "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand the case."

> If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.

*Id*. at 357

Plaintiffs here are clearly manipulating the forum. They asserted a federal claim and after Defendants properly removed, Plaintiffs' counsel boasted that she would keep the case in federal court and not remand until after Defendants had answered the amended complaint under the more exacting federal standards which require specific denials paragraph by paragraph in contrast to a state court general denial. Declaration of M. Van Brussel ¶ 4.

Under the discretionary authority allowed the Court by *Cohill*, *supra*, Defendants ask the Court to retain jurisdiction of Plaintiffs' pendent state claims given Plaintiffs' manipulation of the system.

### III. IF THE COURT REMANDS THE CASE, DEFENDANTS ASK THAT REMAND BE CONDITIONED UPON PLAINTIFFS REIMBURSING DEFENDANTS' FEES AND FEDERAL COURT APPEARANCE COSTS.

If the Court decides that despite Plaintiffs' manipulation, the other factors previously discussed weigh in favor of remanding the case, Defendants ask the Court to condition its remand order upon Plaintiffs reimbursing Defendants their $775 fees incurred on removal and the $400 filing fee in federal court. Van Brussel Decl. ¶ 4. When Plaintiffs tack on a federal claim just to put Defendants through the removal-remand procedure and the more onerous federal pleading requirements, an $1,175 fee and cost reimbursement is a fair, indeed a modest, condition of remand. *See Baddie v. Berkeley Farms*, 54 F.3d 487 (9th Cir. 1995), where the Ninth Circuit, in finding that a fee award to defendants was not authorized in the circumstances there, nevertheless noted, "Naturally, if plaintiffs' initial inclusion of the … federal claims was in bad faith or for the sole purpose of putting defendants through the removal-remand procedure, the state court should sanction plaintiffs on remand." *Id*. at 490 n. 3. Defendants request, as a condition of remand, reimbursement of their $400 filing fee and $775 in attorney's fees.

### IV. NO AUTHORITY SUPPORTS PLAINTIFFS' SANCTIONS REQUEST.

Plaintiffs seek not only to escape reimbursing Defendants' costs, they argue that *they* should recover fees and costs from Defendants because Defendants have refused to stipulate to remand. Plaintiffs cite 28 U.S.C. § 1447(c) as supporting their sanctions request. Plaintiffs' reliance on section 1447(c) is absurd.

Section 1447(c) provides in pertinent part, "If … it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." The instant case was not removed improvidently or without jurisdiction. Plaintiffs asserted a federal question over which this Court had jurisdiction. Defendants properly removed the case. Section 1447(c) is unavailable to Plaintiffs.

Plaintiffs' reliance on *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) and *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997) as supporting their fee and cost request is equally unavailing. Plaintiffs cite *Moore* for its holding that

"an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c) … is within the [court's] discretion … and bad faith need not be demonstrated." 981 F.2d at 448. Yet the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704 (2005), subsequently ruled that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal," thereby effectively overruling *Moore*.

In the *Excell* case, *supra*, cited by Plaintiffs, the court remanded the case and awarded section 1447(c) sanctions against the removing defendant because the defendant's removal was improper. In the instant case, by contrast, Defendants' removal was clearly proper.

Plaintiffs may not recover costs or fees.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court retain jurisdiction of Plaintiffs' pendent state law claims and deny Plaintiffs' motion to remand. Alternatively, if the Court remands the case to state court, Defendants ask that such remand order include Plaintiffs' payment of $1,175 to Defendants.

Dated: August 13, 2013         CAROTHERS DISANTE & FREUDENBERGER LLP

By: /s/Mark H. Van Brussel
Mark H. Van Brussel
Attorneys for Defendants CASINO M8TRIX, INC. and GARDEN CITY, INC.