Mark H. Van Brussel, State Bar No. 80777
mvanbrussel@cdflaborlaw.com
Nicole A. Legrottaglie, State Bar No. 271416
nlegrottaglie@cdflaborlaw.com
CAROTHERS DISANTE & FREUDENBERGER LLP
900 University Avenue
Suite 200
Sacramento, California 95825
Telephone:  (916) 361-0991
Facsimile:  (916) 570-1958

Attorneys for Defendants
CASINO M8TRIX, INC. and GARDEN CITY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| CURT GOODNER, an individual; GLORIA SMITH, an individual; SOON JA LEE, an individual; GORDON J. HALEMANO, an individual; SURCHART AKAYAPISUTH, an individual,<br><br>　　　　　Plaintiffs,<br>　v.<br>CASINO M8TRIX, INC., a Nevada corporation; GARDEN CITY, INC., a California corporation; and DOES 1 through 50, inclusive,<br>　　　　　Defendants. | Case No. 5:13-cv-03059 RMW<br><br>Judge:  Hon. Ronald M. Whyte<br><br>**DECLARATION OF MARK H. VAN BRUSSEL IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:　September 6, 2013<br>Time:　9:00 a.m.<br>Ctrm:　6<br><br>Action Filed:　May 30, 2013 |

　　　　I, Mark H. Van Brussel, declare as follows:

　　　　1.　　I am a partner with the law firm of Carothers DiSante & Freudenberger LLP, counsel of record for Defendants Garden City, Inc. and Casino M8trix, Inc. in this matter.  This declaration is submitted in opposition to Plaintiffs' motion to remand.  I personally know and could if sworn as a witness competently testify to the facts set forth herein.

　　　　2.　　On July 2, 2013, Defendants removed this case to federal court based on federal question jurisdiction, as Plaintiffs in their state court complaint had pled a violation of the federal Age Discrimination in Employment Act (ADEA).

　　　　3.　　On July 8, 2013, I spoke by phone with Plaintiffs' counsel Tanya Gomerman.

1  Ms. Gomerman told me she would be dropping the ADEA claim and therefore I should agree to
2  remand the case to state court.  I told Ms. Gomerman I would discuss her demand with my client.
3  That same day Plaintiffs filed a first amended complaint deleting the ADEA claim.

4       4.   On July 9, 2013, I advised attorney Gomerman that we would consider remanding
5  the case if she would reimburse Defendants their costs and a portion of their fees incurred in
6  removing the case.  Defendants had paid the Northern District's $400 filing fee, and I had spent 3.1
7  hours preparing the removal documents to federal and state court, at a discounted $250 hourly rate,
8  causing Defendants to incur $775 in fees.  Gomerman refused to consider even a cost
9  reimbursement.  Further, she said she would keep the case in federal court long enough to require
10 Defendants to answer under federal pleading rules, giving her the advantage of Defendants'
11 specific denials to each allegation of the complaint, in contrast to state court pleading rules where a
12 single general denial suffices to place all allegations in issue.

13      5.   Defendants answered Plaintiffs' first amended complaint on July 22, 2013.  On
14 July 30, 2013, Plaintiffs moved to remand.

15      I declare under penalty of perjury that the foregoing is true and correct.  Executed on
16 August 13, 2013.

             */s/Mark H. Van Brussel*
18           MARK H. VAN BRUSSEL