Tanya Gomerman (SB # 271834)
Joong Y. Im (SB # 163720)
Ilona Brusil (SB # 244723)
601 Van Ness Avenue, Suite 2056
San Francisco, CA 94102
Telephone: (415) 545-8608
Facsimile: (415) 775-1308
Email: attorneytanya@gmail.com

Attorneys for Plaintiffs: Curt Goodner, Gloria Smith, Soon Ja Lee, Gordon J. Halemano and Surachart Akayapisuth.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Curt Goodner, an individual, Gloria Smith, an individual, Soon Ja Lee, an individual, Gordon J. Halemano, an individual, Surchart Akayapisuth, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Casino M8trix, Inc., a Nevada corporation, Garden City, Inc., a California corporation, and DOES 1 through 50, inclusive<br><br>Defendants. | CASE NO. CV-13-3059 RMW<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date: September 6, 2013<br>Time: 9:00 am<br>Courtroom: 6<br>Judge: Ronald M. Whyte |

Plaintiffs respectfully submit the following Reply to Defendants' Casino M8trix, Inc. and Garden City, Inc. (collectively "Defendants") Opposition to Plaintiffs' Motion to Remand:

**I. THIS COURT MUST REMAND THE CASE BECAUSE THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION UNDER § 1331 OR § 1332.**

As stated in Plaintiffs' Motion to Remand, this Court does not have subject matter jurisdiction, because the First Amended Complaint ("FAC") does not contain any federal claims, and Plaintiffs and Defendant Garden City, Inc. are residents of the state of California.

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Here, the Court does not have subject matter jurisdiction under § 1331, because, after Defendants removed the action, Plaintiffs filed a FAC removing the ADEA claims; furthermore, the Court does not have subject matter jurisdiction under § 1332, because Plaintiffs and Defendant Garden City, Inc. are residents of the state of California. As 28 U.S.C. § 1447(c) plainly establishes, the case "shall be remanded" if, at any time, it appears that the district court lacks subject matter jurisdiction. Without the federal claim or diversity of citizenship, there is no basis for subject matter jurisdiction.

Therefore, lacking subject matter jurisdiction under § 1331 or § 1332, the Court must remand the case pursuant to 28 U.S.C. 1447(c).

## II. **PLAINTIFFS' MOTION FOR REMAND FOLLOWING REMOVAL IS NOT MANIPULATION OF THE COURT**.

There was no manipulation behind Plaintiffs' decision to dismiss the federal claim. In *Baddie v. Berkeley Farms*, the Ninth Circuit found "nothing manipulative" about plaintiffs' decision to seek remand where defendant removed the case to federal court, plaintiffs subsequently dismissed the federal claims and some of the defendants, and then moved for remand "with all due speed after removal." *Baddie v. Berkeley Farms*, 64 F.3d 487, 490-491 (9th Cir. 1995) (overruled in part on other grounds).

In the instant case, Plaintiffs originally included the federal ADEA claim as a matter of diligence, but upon further reflection and conference, Plaintiffs decided to proceed under the Fair Employment and Housing Act and promptly notified Defense counsel. Rather than allowing Defendants to expend resources preparing for adjudication in federal court in the absence of subject matter jurisdiction, Tanya Gomerman, Plaintiffs' counsel, contacted Defense Counsel Mark H. Van Brussel seeking a stipulation of remand due to lack of subject matter jurisdiction *the same day that Plaintiffs filed the FAC*. Declaration of M. Van Brussel ¶ 3.

Moreover, Ms. Gomerman made such requests for stipulation on three separate occasions. Declaration of Tanya Gomerman ¶ 2-5. During this time, Defendants fought against stipulation even with the knowledge that the Court lacked subject matter jurisdiction.

Thus, the act of seeking remand after removal does not constitute a manipulation of the court.

### III. DEFENDANTS ARE NOT ENTITLED TO FEES AND COSTS, BECAUSE NO AUTHORITY SUPPORTS THEIR REQUEST.

Defendants have not identified any authority that warrants an award of fees and costs associated with the removal. Although Defendants cite *Baddie*, Plaintiffs did not include the ADEA claim in "bad faith" or for the "sole purpose of putting Defendants through the removal-remand procedure." *Baddie*, 64 F. 3d at 490 n. 3.

As stated in section II, the ADEA claim was included as a matter of diligence and subsequently removed after further conference, and Plaintiffs promptly notified Defendants of the federal claim's deletion. Furthermore, Defendants rebuffed all of Plaintiffs' attempts to stipulate to the remand and thereby avoid unnecessary expenditures and wasteful use of judicial resources. Nor has the "action... progressed so far in federal court before the federal claims were dismissed that remand" would be unfair to Defendants. *Id.* "The federal claims were dismissed so promptly that defendants suffered no prejudice from removal, other than the self-imposed expense of opposing remand." *Id.*

Therefore, the Court should not award fees and costs associated with opposing the remand.

### IV. THE COURT SHOULD AWARD PLAINTIFFS THEIR ATTORNEY FEES AND COSTS, BECAUSE DEFENDANTS REFUSED TO STIPULATE TO REMAND EVEN WITH KNOWLEDGE THAT THE COURT LACKED SUBJECT MATTER JURISDICTION.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

Although *Martin v. Franklin Capital Corp.* established the general rule that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," departure from the rule may be permitted where it would be "faithful to the purposes of awarding fees under § 1447(c)," – deterring "removals sought for the purpose of... imposing costs on the opposing party." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-141.

Here, Defendants' repeated denials of Plaintiffs attempts to stipulate to remand were made for the purpose of imposing costs. This is evidenced by Defendants' opposition to remand with knowledge that the Court lacks subject matter jurisdiction. Moreover, Defendants' refusal to stipulate resulted in needless delay remanding the case and a waste of judicial resources.

Thus, Plaintiffs should be awarded fees and costs associated with litigating remand.

**V. CONCLUSION**

For the forgoing reasons, the Court must Remand this action to the Superior Court of Santa Clara County. The Court should deny Defendants' request for fees and costs, and grant Plaintiffs' request for fees and costs associated with litigating remand.

Dated: August 19, 2013

                                           /s/ Tanya Gomerman
                                         Tanya Gomerman, Esq.
                                         Attorney for Plaintiffs