UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CURT GOODNER, an individual, Gloria Smith, an individual, Soon Ja Lee, an individual, Gordon J. Halemano, an individual, Surchart Akayapisuth, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Casino M8trix, Inc., a Nevada corporation, Garden City, Inc., a California corporation, and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. C-13-03059 RMW<br><br>**ORDER REMANDING CASE**<br><br>[Re: Docket No. 8] |

Plaintiffs Curt Goodner, Gloria Smith, Soon Ja Lee, Gordon J. Halemano and Surchart Akayapisuth move to remand this action to the Santa Clara County Superior Court, from which it was removed for lack of subject matter jurisdiction. The main issues before the court are: (1) whether this court may retain jurisdiction over this action where plaintiffs originally asserted a federal claim, but now have filed a First Amended Complaint ("FAC") removing the federal claim; and (2) whether defendants or plaintiffs are entitled to attorneys' fees or costs.[1] For the

---

[1] Defendants seek the costs of removing the case. Plaintiffs seek attorneys' fees and costs

ORDER REMANDING
CASE NO. C-13-03059 RMW
ALG / AAB
- 1 -

reasons explained below, the court declines to exercise jurisdiction over plaintiffs' remaining state law claims and GRANTS plaintiffs' motion to remand. The court DENIES both parties' requests for attorneys' fees and costs.

## I. BACKGROUND

On May 30, 2013, plaintiffs filed a complaint ("Original Complaint") against defendants Casino M8trix, Inc and Garden City, Inc. in the Santa Clara County Superior Court based on discrimination, harassment, retaliation and intentional infliction of emotional distress. Dkt. No. 1. After the Original Complaint was filed, defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a) on the basis of plaintiffs' claim for damages and injunctive relief under the federal Age Discrimination in Employment Act ("ADEA"). *Id*. Ex. A ¶ 87-98. On July 6, 2013, plaintiffs filed the FAC eliminating the ADEA claim, such that only state law causes of action remain. Thereafter, plaintiffs filed the present motion requesting an order remanding this action to state court and seeking an award of attorneys' fees and costs incurred in bringing this motion to remand (based on defendants' refusal to stipulate to remand). Defendants seek the costs associated with removing this case to federal court.

## II. ANALYSIS
### A. Supplemental Jurisdiction

Plaintiffs argue that remand is proper because only state law claims remain, over which the court lacks subject matter jurisdiction. Pls.' Mot., Dkt. No. 8. Defendants counter that because the removal was proper at the time the case was removed, the court possesses supplemental jurisdiction over the related state law claims. According to defendants, the court should retain jurisdiction over plaintiffs' state law claims because of the prejudice that they incurred in answering the Original Complaint under federal pleading requirements. Defendants assert that plaintiffs' FAC was an intentional manipulation of the federal process. According to defendants, plaintiffs' counsel stated that she would not request a remand until defendants

---

associated with this motion to remand.

answered the FAC under the federal pleading requirements.  Opp'n 2, Dkt. No. 9; Brussel Decl. ¶ 4, Dkt. No. 9-1.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s]."  28 U.S.C. § 1441(a). Plaintiffs' Original Complaint included a federal cause of action under the ADEA.  Dkt. No. 1, Ex. A ¶¶ 87-98.  Thus, the removal was proper at the time it occurred.  The fact that plaintiffs now disavow the federal claim does not deprive the court of jurisdiction over the supplemental state law claims.  *See, e.g.*, *Statey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).  However, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward *declining to exercise jurisdiction* over the remaining state-law claims."  *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)) (emphasis added). "Judicial economy [is] the essential policy behind the modern doctrine of pendent jurisdiction." *Miller v. Bay Area Rapid Transp. Dist.*, 236 F. Supp. 2d. 1110, 1119 (N.D. Cal. 2002) (*quoting Graf v. Elgen, Joliet, & Eastern Ry.*, 790 F.2d. 1341, 1347 (7th Cir. 1986), *overruled on other grounds by Hughes v. United Air Lines, Inc.*, 634 F.3d. 391, 393 (7th Cir. 2011).  The court takes manipulative tactics into account "in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand."  *Carnegie-Mellon*, 484 U.S. at 357.

The court concludes that judicial economy, convenience, fairness and comity all point towards remanding this case.  At this early stage, the court has neither considered the merits of the case nor invested substantial time and resources in this matter.  Although defendants allege that they are being "manipulated," neither party has alleged any specific burden that it would suffer as a result of the remand.  There is nothing inherently unfair or manipulative in amending a complaint to drop a federal claim.  *See, e.g.*, *Miller*, 236 F. Supp. 2d. at 1119.  The court does not condone "gaming the system" or "boasting" about a party having to answer a federal complaint prior to filing a motion to remand.  However, defendants' allegation of manipulation is simply

1   insufficient in this case to defeat the strong interest in preserving judicial resources. Accordingly,
2   the court grants plaintiffs' motion to remand.

3   Because both parties will benefit from an expedient order on plaintiffs' motion to remand,
4   the court deems this motion proper for a decision without a hearing. *See* Civ. L.R. 7-1(b).

5   **B. Attorneys' Fees and Costs**

6   Plaintiffs argue that they are entitled to the attorneys' fees and costs associated with
7   bringing this motion under 28 U.S.C. § 1447(c) due to defendants' refusal to stipulate to remand.
8   In turn, defendants ask the court to condition its remand order upon plaintiffs reimbursing
9   removal costs. Defendants assert that the condition is proper because plaintiff engaged in bad
10  faith when asserting a federal claim in the Original Complaint.

11  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the
12  removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital*
13  *Corp.*, 546 U.S. 132, 136 (2005). An award of attorneys' fees under 28 U.S.C. § 1447(c) is
14  within the court's discretion. *Id*. at 139. Defendants' removal of this action to the court was valid
15  at the time it occurred, thus it was not unreasonable, a violation of federal law or an unusual
16  circumstance, which would warrant attorneys' fees. Contrary to plaintiffs' assertion, defendants
17  did not err in declining to stipulate to a remand where removal was proper and the court possesses
18  supplemental jurisdiction over the remaining claims. Accordingly, the court declines to award
19  attorneys' fees or costs to plaintiffs. Similarly, the court declines to award defendants the costs of
20  removing this action, which they did voluntarily at the time. Accordingly, the court DENIES
21  both parties' motion for attorneys' fees and costs.

22  **III. CONCLUSION**

23  The court GRANTS plaintiffs' motion to remand and remands the case to the Santa Clara
24  County Superior Court. The court DENIES both parties' requests for attorneys' fees and costs.

25

26
    Dated: September 4, 2013          *Ronald M. Whyte*
27                                    Ronald M. Whyte
28                                    United States District Court Judge

ORDER REMANDING
CASE NO. C-13-03059 RMW          - 4 -
ALG / AAB